Ackerman *v.* Taylor.

---

---

## LAWRENCE ACKERMAN *v.* JOHN TAYLOR.

Though a statute directs that no certiorari shall issue to remove into this Court any proceedings had in pursuance of it, a certiorari may be issued to bring up proceedings, which although had under *pretence* of, are not in *pursuance* of the act. A certiorari will lie to the Court of General Quarter Sessions of the Peace to remove the proceedings of that Court on an appeal under the act "respecting apprentices and servants," (*Rev. Laws* 364.)

---

*A. Pennington* and *W. Pennington* moved to quash this writ of certiorari which had been directed to the Court of General Quarter Sessions of the Peace of the county of Essex, to remove here the proceedings of that court on an appeal under the act "respecting apprentices and servants," *Rev. Laws*, 366. They insisted that the writ is expressly prohibited by that act and was therefore improvidently issued. Notwithstanding the general superintending power of this

court, where expressly forbidden, the writ cannot be used; such is the settled doctrine in the Court of King's Bench, *Doug.* 549, *Cowp.* 24, 2 *T. R.* 472, 1 *Bl. Rep.* 231, 2 *Burr* 1042, 1 *Mod.* 45, *Cox* 261. The case in this court reported in 1 *Penn.* 335, is different from the present; there the certiorari was sustained because the justices had no right to proceed, and the act done was manifestly under pretext and not in pursuance of the statute. If the court hold they may use the writ where the proceedings are not *in pursuance of the statute;* the writ may always be employed, for if in any respect the matter has not been rightly done, it may be said not to have been done *in pursuance of the statute.*

*Dodd* and *Vanarsdale* who were to have argued for the plaintiff in certiorari, were stopped by the court.

EWING, C. J. This court, on the principles of the common law exercises by means of the writ of certiorari, a superintending power and control over inferior tribunals created by statute or proceeding in a summary manner. Even where their adjudications are declared to be final and conclusive, although we do not examine the merits of their decisions, from which we are restrained by the just effect of the final and conclusive quality attached to them, we nevertheless inquire whether they have exercised or exceeded the jurisdiction given to them, whether they have used the powers granted in their creation, or assumed others never confided to them. The superintending power of this court, and the use of the writ of certiorari are no doubt within the scope of legislative action, may be restrained, abridged, perhaps abolished. Yielding on the one hand to the will of the Legislature, we are on the other to deny the writ to a citizen in no case where he may lawfully claim it. The act directs that no certiorari shall issue to remove into this court any proceedings had in pursuance of it—*sec.* 10. But how many cases may there not be where the proceedings though under pretence, may not be in pursuance of the act?

Suppose three justices of Essex should discharge an apprentice from a master residing in Bergen; or should make a discharge where no complaint has been preferred by either master or apprentice; or should not only discharge the apprentice but adjudge the master to undergo correction at the public whipping post, and that each of these adjudications should be sustained by the sessions on appeal. Can it be supposed that the Legislature intended in such cases, to deny the use of the writ? To leave the injured citizen remediless? The case of *Vunch* v. *Whorl, Penn.* 335, is in point. The writ was there sustained, though the proceedings had taken place under color of the act in question. The application to quash the present writ does not exhibit the ground on which it was issued, but proceeds on the basis that no case can exist in which it may legally be used. This broad position is not correct. Legal subjects of inquiry may be presented to us; we may not therefore quash this writ; we shall take care however not to transcend the limits assigned to us by the Legislature.

Justices ROSSELL and FORD, concurred in the opinion expressed by the Chief Justice.